Tommy PHOENIX, Appellant,

v.

JOHN F. SCOTT & COMPANY, Appellee.

No. 01–84–0280–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 16, 1984.

**442**

Carnegie H. Mims, Jr., Andrew L. Jefferson, Jr., Michael Cato, Jefferson, Mims & Plummer, Houston, for appellant.

Steven L. Weathered, Ross, Banks, May, Cron & Cavin, Houston, for appellee.

Before DOYLE, DUGGAN and LEVY, JJ.

## ON APPELLANT'S MOTION
## FOR REHEARING

PER CURIAM.

The opinion delivered on May 31, 1984, is hereby withdrawn and the following substituted in its stead.

This is an appeal from a judgment in a suit on a sworn account. Appellant has filed a motion for extension of time to file the transcript and the statement of facts.

The judgment was signed January 6, 1984. A motion for new trial was timely filed, and Tex.R.Civ.P. 386 requires that the transcript and statement of facts be filed in this court within 100 days of the date the judgment was signed, or April 15, 1984. An extension may be granted under rule 21c(1), so long as the motion for extension is filed within 15 days of the last date for filing. Appellant filed his motion and tendered the transcript on May 1, 1984.

April 15, 1984, the 100th day from date of judgment, was a Sunday. If rule 4 applies, as appellant argues, the 15-day period began on Monday, April 16, and appellant's motion was timely filed. If rule 4 does not apply, this court loses jurisdiction of the appeal. *See B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982).

Rule 4 does not apply to the intermediate timetable prescribed by rule 101, which requires that an answer be filed in the trial court on the Monday next following 20 days from the date of service of citation. *Proctor v. Green*, 673 S.W.2d 390 (Tex.App.—Houston 1984). In *Proctor* we held that because no official act was required on the 20th day, rule 4 does not operate to change the deadline. However, rule 4 does apply to the intermediate time deadlines preceding the application of rule 21c. On the 100th day after judgment, an official is required to file the transcript and statement of facts, if then tendered, which cannot be done on a Saturday, Sunday, or legal holiday. *E.g., Tackett v. Mid-Continent Refrigerator Co.*, 579 S.W.2d 545 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.). Because the rule 21c time period begins with the "last date for filing," that

day must be one on which filing could occur. The last date for filing in this case was Monday, April 16, 1984, and consequently appellant's motion and transcript were timely filed.

Appellant's motion for rehearing is granted, and the appeal is reinstated. Appellant's brief is due 30 days from the date of this order.

IT IS SO ORDERED.