**GALERIE BARBIZON, INC., Gustav Alker, Jr., and Robert Alker, Appellants,**

v.

**NATIONAL ASSET PLACEMENT CORPORATION, Appellee.**

**No. 01–99–00167–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 20, 2000.

this statement, nothing relative to this claim is presented for review. *See* Tex.R.App. P. 38.1(h).

Robert V. Holland, Jr., Houston, for appellants.

John J. Diggins, Dallas, for appellee.

Panel consists of Justices O'CONNOR, NUCHIA, and DUGGAN.*

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas

## OPINION

PER CURIAM.

This is an appeal from a judgment signed on October 22, 1998. A motion for new trial was timely filed and appellants' notice of appeal was due on or before January 20, 1999. TEX.R.APP. P. 26.1(a)(1). Appellants filed their notice of appeal on February 11, 1999, 22 days late. Thus, appellants' notice of appeal was outside the 15–day extension of time allowed under the rules. *See* TEX.R.APP. P. 26.3.

Appellee filed a motion to dismiss this appeal for want of jurisdiction. On March 2, 2000, this Court issued an order stating that, unless within 15 days of the date of the order, appellants filed a supplemental clerk's record showing that this Court has jurisdiction, we would dismiss the appeal. *See* TEX.R.APP. P. 42.3(a).

On March 24, 2000, appellants filed a motion to supplement the clerk's record requesting this Court to order the district clerk to prepare a supplemental record. Attached to the motion was a request, dated March 8, 2000, requesting a supplemental record "showing that the Appeals Court has jurisdiction over this case," and a second request, dated March 23, 2000, requesting a supplemental record "to include the Defendants' Motion for Rehearing and in the alternative Motion for New Trial." Appellants' timely filed motion for new trial was included in the clerk's record on file with this Court. There is no reason to file a supplemental clerk's record containing the motion for new trial.

■ Appellants assert in their motion to supplement the clerk's record that this court has jurisdiction "because 75 days lapsed from the filing of the Motion for New Trial and it was overruled by operation of law." Appellants misread the rules. If a motion for new trial is not determined by written order signed within 75 days *after the judgment is signed*, it is over-

at Houston, participating by assignment.

508

ruled by operation of law. Tex.R. Civ. P. 329b(c). However, the date on which a motion for new trial is overruled does not affect the jurisdiction of a court of appeals. To perfect appeal when a motion for new trial has been filed, the notice of appeal must be filed within 90 days after the date on which the judgment is signed. *See* Tex.R.App. P. 26.1.

The judgment in this case was signed on October 22, 1998. A timely motion for new trial was filed. Therefore, the notice of appeal was due on or before January 20, 1999. The appellate court may extend the time for filing the notice of appeal if, within 15 days after the deadline for filing the notice, the party files (1) the notice of appeal in the trial court and (2) a motion for extension of time in the appellate court reasonably explaining the need for an extension and complying in other respects with rule 10.5(b). Tex.R.App. P. 26.3; 10.5(b).

■ Appellants' notice of appeal was filed on February 11, 1999, 22 days after the deadline for filing the notice of appeal. Because the notice was filed more than 15 days after the deadline for filing, we have no jurisdiction to grant an extension of time, even if properly requested, or to consider this appeal. *See Chavez v. Housing Authority of City of El Paso*, 897 S.W.2d 523, 527 (Tex.App.—El Paso 1995, writ denied).

Appellee's motion to dismiss is granted. Accordingly, we dismiss the appeal.

Any other pending motions are denied as moot.