Opinion issued February 13, 2003











In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-01045-CV
____________

JOSEPH DANIEL MONK, Appellant

V.

LISA JO MONK, Appellee




On Appeal from the 245th District Court 
Harris County, Texas
Trial Court Cause No. 2001-61479




MEMORANDUM OPINION
          Appellee, Lisa Jo Monk (“Lisa”), has moved to dismiss this appeal for want of
jurisdiction, arguing that appellant, Joseph Daniel Monk (“Joseph”), failed to file his
notice of appeal timely. We agree and dismiss the appeal for want of jurisdiction.
 
          On June 21, 2002, the trial court rendered a final divorce decree (“the first
decree”) upon the parties’ mediated settlement agreement. On or about June 27,
2002, the parties arbitrated what appears to have been disputes concerning the
interpretation of some of the first decree’s terms. On July 15, 2002, Lisa moved to
modify, set aside, reform, and clarify the first decree, alleging that (1) the first decree
did not conform entirely to the parties’ mediated settlement agreement and (2) the
modification was needed to reflect the arbitrator’s June 27 decisions. On July 30,
2002, the trial court signed an amended final divorce decree (“the second decree”),
granting Lisa’s motion and vacating the first decree. Neither party filed any post-judgment motions concerning the second decree.
          On September 30, 2002, 62 days after the second decree was signed and more
than 90 days after the first decree was signed, Joseph filed a pro se notice of appeal
that expressly referred to the second decree. Lisa moved to dismiss the appeal as
untimely. Joseph responded, arguing that (1) the second decree was either
“unenforceable,” or the trial court was “without authority” or “without power” to
render it, because that decree allegedly contained a paragraph that was not part of the
mediated settlement agreement; (2) Lisa’s motion to set aside, reform, and clarify the
first decree thus remained “unresolved”; and (3) Lisa’s allegedly unresolved motion
thus extended by 90 days the time to appeal the second decree.
          We have no jurisdiction over an appeal in which the notice of appeal is late. 
See Tex. R. App. P. 25.1(b); Galerie Barbizon, Inc. v. Nat’l Asset Placement Corp.,
16 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2000, no pet.). A notice of
appeal must be filed “within 90 days after the judgment is signed if any party timely
files . . . a motion to modify the judgment . . . .” Tex. R. App. P. 26.1(a)(2). Here, the
first decree was signed on June 21, 2002. Lisa timely filed a motion to modify that
decree. See Tex. R. Civ. P. 329b(a), (g). Had Joseph appealed that first decree, and
had the trial court not later vacated that decree upon Lisa’s motion, Joseph could have
had 90 days from June 21, 2002 to file his notice of appeal.



          But Joseph did not appeal from the first decree, and, moreover, the trial court
vacated that decree during its plenary power. See Tex. R. Civ. P. 329b(e) (when
motion to modify judgment is timely filed, regardless of whether appeal has been
perfected, trial court retains plenary power to modify, correct, or reform judgment
until 30 days after motion to modify is overruled). When the trial court granted Lisa’s
motion, vacated the first decree, and rendered the second decree on July 30, 2002
during its plenary power, the appellate timetable restarted on that date. See Tex. R.
Civ. P. 329b(h); Lane Bank Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 313
(Tex. 2000). No one filed any post-judgment motions relating to the second decree.


 
Joseph thus had 30 days from July 30, 2002—the date that the trial court signed the
second decree—to appeal. See Tex. R. App. P. 26.1. He did not. Neither did he
move for an extension of time to file his notice of appeal. See Tex. R. App. P. 26.3
(allowing motion for extension of time to file notice of appeal within 15 days of
notice’s due date). Nor was his notice filed in time for us to imply a motion to extend
time. See id.; Verburgt v. Dorner, 959 S.W.2d 615, 615, 617 (Tex. 1997) (implying
motion to extend time to file perfecting instrument when party in good faith files
perfecting instrument within time period to move for extension); see also Galerie
Barbizon, 16 S.W.3d at 508. Accordingly, Joseph’s notice of appeal was not timely.
          Joseph responds that the second decree is either “unenforceable” in part or void
in part, either of which he claims would have left Lisa’s motion to modify pending,
which, in turn, he claims would have made his notice of appeal timely. We disagree
for three reasons. First, the trial court granted Lisa’s motion: a motion cannot be
pending after it is granted.


 Second, to the extent that Joseph argues that the second
decree was partially erroneous, rather than entirely void, that alleged error (if error
it was) is not the type that would have revived the ruled-on motion to modify or
resurrected the vacated first decree. Third, to the extent that Joseph argues that the
second decree was void, we note that “a judgment is void only when it is clear that
the court rendering the judgment had no jurisdiction over the parties or subject matter,
no jurisdiction to render judgment, or no capacity to act as a court.” State ex rel.
Latty v. Owens, 907 S.W.2d 484, 485 (Tex. 1995) (citing Mapco, Inc. v. Forrest, 795
S.W.2d 700, 703 (Tex. 1990)); Reiss v. Reiss, 40 S.W.3d 605, 613 (Tex.
App.—Houston [1st Dist.] 2001, pet. granted) (quoting Mapco). Joseph does not
allege any of these things; rather, he argues that the trial court impermissibly included
in the second decree a provision that was not part of the mediated settlement
agreement. This is an argument that the trial court erred, but not an argument that the
trial court lacked subject-matter jurisdiction over the cause, the power to act as a
court, the power to enter a judgment at all, or the capacity to act as a court. Cf.
Hesser v. Hesser, 842 S.W.2d 759, 764 (Tex. App.—Houston [1st Dist.] 1992, writ
denied) (in dicta, stating, “Just because the judge had the duty to deny the motion
does not mean that he had no jurisdiction to grant it. Jurisdiction is the power to
adjudicate, that is, to grant or deny relief. Lack of subject matter jurisdiction is the
absence of power to make any ruling at all.”). Compare State ex rel. Latty, 907
S.W.2d at 485 (setting out what renders judgment void).
          We hold that, because he did not appeal 30 days from the date of the second
decree, Joseph’s appeal was untimely and we lack jurisdiction over it.
          Accordingly, we grant Lisa’s motion to dismiss and dismiss the appeal for
want of jurisdiction.
          It is so ORDERED.
 
Tim Taft
Justice


Panel consists of Justices Taft, Keyes, and Higley.