Opinion issued May 18, 2007

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00475-CV






ANITA HUTCHISON, Appellant


V.


JESSE PRICE, Appellee






On Appeal from the 257th District Court

Harris County, Texas

Trial Court Cause No. 1999-06375






MEMORANDUM OPINION

 Appellant, Anita Hutchison, acting pro se, (1) appeals the trial court's entry in
1999 of a divorce decree that ended her marriage to appellee, Jesse Price. Hutchison
requests that this Court amend the final divorce decree to remove any reference to a
minor child born of the marriage, that we order that the child's name be changed, and
that we sever the child's relationship with Price. The final decree of divorce was
entered on December 14, 1999. Hutchison filed her notice of appeal on May 9, 2005. 
We lack jurisdiction to hear an appeal where an appellant's notice of appeal is
untimely filed. See Tex. R. App. P. 25.1(b); Galerie Barbizon, Inc. v. Nat'l Asset
Placement Corp., 16 S.W.3d 506, 508 (Tex. App.--Houston [1st Dist.] 2000, no
pet.). Hutchison concedes that her appeal is not timely. In her brief, she cites to no
authority that states that we may hear her untimely appeal. After being notified that
this appeal was subject to dismissal, Hutchison did not adequately respond. See Tex.
R. App. P. 42.3(a) (allowing involuntary dismissal of case). 

 We therefore dismiss the appeal for want of jurisdiction. All pending motions
are denied.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Alcala.
1. We construe appellate briefs liberally. See Tex.R.App. P. 38.9; Tex.R.App. P.
38.1(e); Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex.1989) ("[I]t is our
practice to construe liberally points of error in order to obtain a just, fair and equitable
adjudication of the rights of the litigants."). However, "[p]ro se litigants are held to
the same standards as licensed attorneys and must comply with all applicable laws and
rules of procedure." Hope's Fin. Mgmt. v. Chase Manhattan Mortgage Corp. 172
S.W.3d 105, 107 (Tex. App.--Dallas 2005, pet. denied); see also Mansfield State
Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978).