**Opinion issued August 22, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00440-CV

————————————

**COSTELLA N. WILLIS, Appellant**

**V.**

**DARREL WILLIS, Appellee**

---

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Case No. 1117262**

---

## MEMORANDUM OPINION

We lack jurisdiction over an appeal in which the notice of appeal is not timely filed. *See* TEX. R. APP. P. 25.1(b); *Galerie Barbizon, Inc. v. Nat'l Asset Placement Corp.*, 16 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2000, no pet.). If a post-judgment motion extending the appellate deadline is timely filed,

the appellant must file its notice of appeal within 90 days after the trial court signed the judgment. *See* TEX. R. APP. P. 26.1(a)(1)–(a)(4). A timely request for findings of fact and conclusions of law may extend the appellate timetable when the findings and conclusions either are required by the Texas Rules of Civil Procedure or could be considered by the appellate court. *See* TEX. R. APP. P. 26.1(a)(4); *IKB Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). However, a request for findings and conclusions must be filed within 20 days of the rendition of judgment. *See* TEX. R. CIV. P. 296.

The trial court entered a final decree of divorce on March 9, 2012. On May 1, 2012, Appellant Costella Nicole Willis filed her notice of appeal and a request for findings of fact and conclusions of law. Consequently, the notice of appeal and the request for findings of fact and conclusions of law were filed 53 days after the final decree of divorce was entered.

Willis also filed an amended notice of appeal on May 25, 2012. The amended notice of appeal references a judgment nunc pro tunc alleged to have been signed that same day. There is no indication, however, that such a judgment exists. Accordingly, the only judgment Willis can appeal from is the March 9, 2012 judgment.

This Court sent notice to Willis that her appeal was subject to dismissal absent proof of this Court's jurisdiction. *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of case). Willis did not respond.

The request for findings of fact was not filed within 20 days of the rendition of judgment. Thus, rule 26.1(a)(4) of the Texas Rules of Appellate Procedure does not apply, and the appellant must have filed a notice of appeal within 30 days after the trial court signed the judgment. *See* TEX. R. APP. P. 26.1. Since the notice of appeal was not filed within 30 days, the appeal must be dismissed for want of jurisdiction.

## Conclusion

We dismiss the appeal for lack of jurisdiction.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Bland.