COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| FORD MOTOR COMPANY, | § | No. 08-18-00219-CV |
| Appellant, | § | Appeal from |
| v. | § | 83rd District Court |
| PETER GARZA, INDIVIDUALLY AND AS NEXT FRIEND OF S.G., A MINOR, AND ON BEHALF OF THE ESTATE OF STEPHANIE GARZA, TAYLOR GARZA, PETER JAMES GARZA, AND JESSE GARZA, DECEASED, AND JIM FISK AND MARY FISK, | § § § § | of Pecos County, Texas (TC # P-7725-83-CV) |
| Appellees. | § § | |

## **O P I N I O N**

Ford Motor Company (Ford) is appealing the trial court's order signed on December 3, 2018 denying Ford's special appearance ("the December 3 Order"). The trial court entered the December 3 Order after vacating an order signed on June 21, 2018 denying Ford's special appearance ("the June 21 Order). It is undisputed that Ford did not receive notice of the June 21 Order due to an error in the e-filing system, eFileTexas. Appellees have filed a motion to dismiss asserting that the trial court vacated the June 21 Order for the sole purpose of extending the appellate deadline for Ford to pursue an interlocutory appeal from the denial of its special

appearance, and therefore, the deadline for Ford to file its notice of appeal must be calculated from June 21, 2018. We dismiss the appeal for lack of jurisdiction.

## FACTUAL SUMMARY

On June 6, 2018, the trial court conducted a hearing on Ford's special appearance. At the conclusion of the hearing, the trial judge stated that he hoped to rule on the special appearance within thirty days. The court signed the order denying Ford's special appearance on June 21, 2018 and filed it with the trial court clerk on June 25, 2018. For reasons not clear in the record, the e-filing system did not send notice of the June 21 Order to the parties.

The parties, unaware that the trial court had denied the special appearance, continued to file letter briefs over the next several months. On October 15, 2018, Ford filed its third letter brief related to the special appearance. The following day, October 16, 2018, Ford received electronic notification from the District Clerk of the June 21 Order denying its special appearance. Ford filed notice of interlocutory appeal on November 5, 2018, but it subsequently moved to dismiss its appeal.[1] *See Ford Motor Company v. Peter Garza, Individually and as Next Friend of S. G., a Minor, and on Behalf of the Estates of Stephanie Garza, Taylor Garza, Peter James Garza, and Jesse Garza, Deceased, and Jim Fisk and Mary Fisk*, No. 08-18-00193-CV, 2018 WL 6259266 (Tex.App.--El Paso November 30, 2018, no pet.).

According to Ford's response to Appellees' motion to dismiss, the parties appeared before the trial court on November 8, 2018 to address late notice of the June 21 Order.[2] Ford also represents that the trial court entered an order after the hearing stating that if Ford offered proof that it had not received the required notice of the June 21 Order, the trial court would vacate the

---

[1] Ford asserted in the notice of appeal that the June 21, 2018 date of signing shown in the order was a clerical error and the trial court had corrected the order to reflect that the court had signed the order on October 16, 2018.

[2] A transcription of that hearing has not been filed.

order in its entirety and immediately reset Ford's special appearance for hearing and consideration. We have not been provided with a copy of this order.

On November 30, 2018, Ford filed its motion to vacate the June 21 Order because it had not received notice of the order. Ford attached evidence to its motion showing that it had not received electronic notice of the June 21 Order. Ford asserts in its response to the motion to dismiss that the trial court informed the parties that if Appellees acknowledged that they too did not receive notice of the June 21 Order, the court would vacate the order without hearing. The parties subsequently filed an agreed stipulation which stated: "Plaintiffs and Ford first received notice of the signing of the Court's June 21, 2018 Order Denying Ford Motor Company's Special Appearance on October 16, 2018 via eFileTexas through submission by Sylvia Guerra, court clerk." On December 3, 2018, the trial court granted Ford's motion and vacated the June 21 Order. That same date, the trial court entered its order denying Ford's special appearance. Ford filed notice of interlocutory appeal from the latter order on December 7, 2018.

## RE-STARTING THE APPELLATE TIMETABLE

Appellees contend in their motion to dismiss that Rule 4.2(a)(1) provides the only remedy for late notice of the judgment or appealable order. *See* TEX.R.APP.P. 4.2(a)(1). Ford, on the other hand, argues that the trial court's general plenary power authorized it to set aside the interlocutory order as necessary to remedy the untimely notice and protect Ford's right to pursue an interlocutory appeal of the order denying its special appearance.

Appellate courts generally have jurisdiction only over appeals from final judgments. *City of Houston v. Estate of Jones*, 388 S.W.3d 663, 666 (Tex. 2012); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001). While a party may appeal certain interlocutory orders,

including the denial of a special appearance[3], the notice of appeal must be filed within twenty days from the date the trial court signed the challenged order. *See* TEX.R.APP.P. 26.1(b), 28.1(a); *City of Houston*, 388 S.W.3d at 666. The trial court's order denying a motion to reconsider does not re-start the timetable for filing notice of interlocutory appeal. *City of Houston*, 388 S.W.3d at 666.

Ford argues that the trial court is authorized to set aside the original interlocutory order as a remedy for Ford's lack of timely notice of the order. The date on which the judgment or appealable order is signed determines the beginning of the periods prescribed by the Rules of Civil Procedure for the trial court's plenary power to grant a new trial or take other action such as vacating or modifying the judgment or order. TEX.R.CIV.P. 306a.1. The trial court clerk is required to give the parties notice that the court has signed a judgment or appealable order. *See* TEX.R.CIV.P. 306a.3. In a civil case, a party intending to appeal an interlocutory order must file its notice of accelerated appeal within twenty days after the order is signed by the trial court. *See* TEX.R.APP.P. 26.1(b). The trial court clerk's failure to comply with Rule 306a.3's notice requirement has no effect on the periods mentioned in Rule 306a.1, except as provided in Rule 306a.4. TEX.R.CIV.P. 306a.3. Under Rule 306a.4, if a party adversely affected by a judgment or order does not receive the required notice or acquire actual knowledge of the order within twenty days after the signing, the periods mentioned in Rule 306a.1 shall begin on the date that the party or his attorney received notice or acquired actual knowledge, whichever occurred first. TEX.R.CIV.P. 306a.4. Rule 306a.4 makes clear that in no event will the period begin more than ninety days after the judgment or appealable order is signed. *Id.*

Rule 4.2(a)(1) addresses restarting the appellate timetable when a party does not receive notice of the trial court's judgment or appealable order:

---

[3] TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(7).

(a) *Additional Time to File Documents.*

    (1) In general. If a party affected by a judgment or other appealable order has not--within 20 days after the judgment or order was signed--either received the notice required by Texas Rule of Civil Procedure 306a.3 or acquired actual knowledge of the signing, then a period that, under these rules, runs from the signing will begin for that party on the earlier of the date when the party receives notice or acquires actual knowledge of the signing. But in no event may the period begin more than 90 days after the judgment or order was signed.

TEX.R.APP.P. 4.2(a)(1).

Rule 4.2 is inapplicable because Ford first received notice of the June 21 Order on October 16, 2018 which is more than ninety days after the trial court signed the original order. The Rules of Appellate Procedure do not provide any remedy for a party's receipt of notice more than ninety days after the judgment or appealable order was signed. Both the Rules of Civil Procedure and Rules of Appellate Procedure contain provisions authorizing a party to seek appropriate relief from the court if an electronically-filed document is untimely due to a technical failure or a system outage, but the rules do not address lack of timely notice due to an error or defect in the e-filing system. *See* TEX.R.CIV.P. 21(f)(6)[4]; TEX.R.APP.P. 9.2(c)(5). These rules do not, however, provide a remedy for a lack of notice of a judgment or appealable order due to a technical issue in the e-filing system.

The only question remaining is whether the trial court can restart the appellate timetable by vacating the June 21 Order and simultaneously signing a new order denying the special appearance. In *Anderson v. Casebolt*, the Texas Supreme Court held that a new judgment entered after a final judgment for the sole purpose of enlarging the time for appeal is without effect. *Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex. 1973). *Anderson* was decided prior to the

---

[4] The relief contemplated by Rule 21(f)(6) is the granting of a reasonable extension of time to complete the filing. TEX.R.CIV.P. 21(f)(6).

adoption of Rule 329b(h) which provides that: "If a judgment is modified, corrected, or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed . . . ." TEX.R.CIV.P. 329b(h). Under this rule, any change to the judgment, whether or not material or substantial, made while the trial court retains plenary power, operates to delay the commencement of the appellate timetable until the date the modified, corrected, or reformed judgment is signed. *Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex. 1988). *Check* did not, however, completely eliminate the *Anderson* rule. *Anderson* still applies to those cases where the record shows that the trial court entered the new judgment or order for the sole purpose of extending the appellate timetable. *Mackie v. McKenzie*, 890 S.W.2d 807, 808 (Tex. 1994).

In this case, the record establishes that the trial court vacated the June 21 Order and signed the December 3 Order for the sole purpose of re-starting the commencement of the timetable for Ford to pursue an interlocutory appeal. Thus, the December 3 Order denying Ford's special appearance did not re-start the appellate timetable and the deadline for Ford to file its notice of interlocutory appeal must be calculated from June 21, 2018. Because Ford did not timely file its notice of appeal within twenty days of the June 21 Order, it failed to perfect its interlocutory appeal. Accordingly, we grant Appellees' motion and dismiss the appeal for lack of jurisdiction.

May 22, 2019

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.