**Opinion issued November 26, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00004-CV

_____

**JRJ INVESTMENTS, INC. D/B/A/ DESERT BMW OF LAS VEGAS,**
**Appellant**

**V.**

**ARTEMIS GLOBAL BUSINESS, INC. D/B/A AUTO EXOTIC RENTAL,**
**Appellee**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-08107**

---

## MEMORANDUM OPINION

This suit arises from a dispute between Artemis Global Business, Inc., doing business as Auto Exotic Rental, and JRJ Investments, Inc., doing business as Desert BMW of Las Vegas, as to the sale of an automobile. Artemis sued JRJ, which filed

a special appearance asserting lack of personal jurisdiction. The trial court denied JRJ's special appearance, and JRJ filed this interlocutory appeal.

Because JRJ did not timely appeal from the trial court's denial of the special appearance, we lack subject-matter jurisdiction. We therefore dismiss the appeal.

## BACKGROUND

JRJ filed its special appearance in May 2016. The trial court held hearings on the special appearance in May and June 2017.

On August 27, 2018, the trial court signed an order denying JRJ's special appearance. The record does not show that the order was entered into the clerk's record contemporaneously. Nor does the record show that the court or the clerk contemporaneously notified the parties about the trial court's ruling.

JRJ avers that it first received notice of the order denying its special appearance on December 21, 2018. Its averment is undisputed. After receipt of this notice, JRJ filed the following documents in the trial court:

(1) a notice of appeal on January 2, 2019;

(2) a motion to extend the time to file a notice of appeal on January 2, 2019; and

(3) a sworn motion to modify the judgment date on January 3, 2019.

The trial court did not rule on JRJ's motion to extend the time to file a notice of appeal or its sworn motion to modify the judgment date. The record does not show that JRJ set these motions for a hearing or for submission without a hearing.

## DISCUSSION

### *JRJ's Position on Subject-Matter Jurisdiction*

Citing Rule 306a of the Rules of Civil Procedure and Rule 26.3 of the Rules of Appellate Procedure, JRJ contends that its appeal is timely so long as the trial court grants its motion to modify the judgment date and this court grants its motion to extend the time to file a notice of appeal. JRJ essentially reasons as follows:

First, under Rule 306a, the trial court may amend the date of its order denying the special appearance by up to 90 days after the date on which the court originally signed the order due to JRJ's lack of contemporaneous notice. The trial court signed the order on August 27, 2018. Ninety days from this date was November 25, which was a Sunday. Thus, if the trial court grants JRJ's motion to modify the judgment date, the order's amended date would be November 26, 2018. *See* TEX. R. CIV. P. 4.

Second, JRJ would have 20 days to timely file an appeal from the trial court's amended November 26, 2018 order. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(7); TEX. R. APP. P. 26.1(b), 28.1(a)–(b). Twenty days from this date was December 16, which was a Sunday. Therefore, JRJ's deadline to file its notice of appeal would be December 17, 2018. *See* TEX. R. CIV. P. 4.

Third, under Rule 26.3, this court can extend the deadline for filing an appeal by 15 days so long as the notice and motion to extend time are filed within this period. Fifteen days from December 17 was January 1, 2019, which was a legal

holiday. Thus, if this court grants JRJ's motion to extend the time to file a notice of appeal, its notice would not be due until January 2, 2019. *See* TEX. R. APP. P. 4.1(a).

Fourth, JRJ filed its notice of appeal and its motion to extend the time to file a notice of appeal on January 2, 2019. Thus, JRJ argues, it timely filed its appeal and this court therefore has subject-matter jurisdiction.

*Applicable Law*

A party may file an interlocutory appeal from an order denying a special appearance. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(7). The party ordinarily must appeal within 20 days after the trial court signs the order. TEX. R. APP. P. 26.1(b), 28.1(a)–(b). The court of appeals may extend the time to file an interlocutory appeal if, within 15 days of the 20-day deadline, the party files a notice of appeal in the trial court and a motion to extend the deadline in the appellate court. TEX. R. APP. P. 26.3; *see also Smith v. Houston Lighting & Power Co.*, 7 S.W.3d 287, 289 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (motion to extend time implied when notice of appeal is filed late but within 15 days of deadline, provided that party gives reasonable explanation for filing late). These deadlines are jurisdictional. TEX. R. APP. P. 25.1(b); *see In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Galerie Barbizon, Inc. v. Nat'l Asset Placement Corp.*, 16 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (per curiam) (court

lacks jurisdiction when notice of appeal is filed more than 15 days after deadline and thus cannot grant motion to extend time to appeal under these circumstances).

There is a limited exception to the preceding deadlines when a party lacked notice and actual knowledge of the trial court's order. Rule 306a(3) of the Rules of Civil Procedure requires the clerk of court to immediately notify the parties in writing when an appealable order has been entered. *See* Tex. R. Civ. P. 306a(3) (requiring notice by first-class mail); *see also* Tex. R. Civ. P. 21a(a)(1) (allowing electronic service of required notices). If a party does not receive this notice or acquire actual knowledge of the appealable order within 20 days of the date on which the trial court signed it, then the party may invoke Rule 4.2 of the Rules of Appellate Procedure to extend the deadline to appeal so that the period to do so runs from the date that the party received notice or acquired actual knowledge of the order, whichever occurred first. Tex. R. App. P. 4.2(a)(1); *see also* Tex. R. Civ. P. 306a(4) (similarly extending deadlines to file post-judgment motions in trial court). But in no event may the deadline to appeal begin to run more than 90 days after the appealable order was signed. Tex. R. App. P. 4.2(a)(1); *see also* Tex. R. Civ. P. 306a(4) (providing same as to post-judgment motions in trial court).

Rule 4.2 is not self-executing. To extend the deadline to file an appeal under this rule, a party must file a sworn motion in the trial court and prove the date on which it received notice or acquired actual knowledge. Tex. R. App. P. 4.2(b); Tex.

R. CIV. P. 306a(5). After hearing the motion, the trial court must sign an order finding the date on which the party first received notice or acquired actual knowledge. TEX. R. APP. P. 4.2(c). The movant bears the burden of proof and cannot extend its deadline to file an appeal if it does not secure a written ruling on its motion from the trial court. *Florance v. State*, 352 S.W.3d 867, 873 (Tex. App.—Dallas 2011, no pet.); *see, e.g.*, *Johnson v. Linebarger Goggan Blair & Sampson*, No. 01-15-00950-CV, 2017 WL 1173886, at *2 (Tex. App.—Houston [1st Dist.] Mar. 30, 2017, no pet.) (per curiam) (mem. op.) (party that didn't obtain signed order wasn't entitled to extension of appellate deadline); *Gabe Reed Prods. v. Starbase Aviation*, No. 01-12-00512-CV, 2012 WL 4857464, at *1 (Tex. App.—Houston [1st Dist.] Oct. 12, 2012, no pet.) (per curiam) (mem. op.) (same); *see also In re Lynd Co.*, 195 S.W.3d 682, 686 (Tex. 2006) (Rule 4.2 requires signed order with finding as to notice or actual knowledge to extend appellate deadlines while Rule 306a does not require order to extend post-judgment deadlines in trial court).

In addition, a party may extend its appellate deadlines under Rule 4.2 if and only if it receives notice or acquires actual knowledge of the appealable order within 90 days of when the trial court signed it. *See, e.g.*, *Lyles v. State*, No. 01-14-00859-CV, 2015 WL 448500, at *2 (Tex. App.—Houston [1st Dist.] Jan. 27, 2015, no pet.) (per curiam) (mem. op.) (party could not invoke Rule 4.2 given that it received notice of judgment from which it sought to appeal more than 90 days after it was signed).

Like Rule 306a, Rule 4.2 simply does not provide a remedy if a party discovers that the trial court signed an appealable order more than 90 days after its signing. *Id.*; *Ford Motor Co. v. Garza*, 579 S.W.3d 709, 712–13 (Tex. App.—El Paso 2019, pet. filed); *see also Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993) (per curiam) (holding that Rule 306a does not afford remedy when party learns of appealable order more than 90 days after its signing); *Murphy v. Embler*, No. 01-04-00660-CV, 2005 WL 2385276, at *2 (Tex. App.—Houston [1st Dist.] Sept. 22, 2005, no pet.) (mem. op.) (appellate deadlines are jurisdictional and court could not hold that clerk's failure to provide notice of judgment deprived party of due process where notice of appeal was not timely under Rule 4.2).

Finally, a party may not sidestep the jurisdictional deadlines for appeal by the expedient of urging the trial court to reissue the same appealable order or judgment on a later date. *Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex. 1973) (per curiam). A trial court may not sign an identical order or judgment for the sole purpose of enlarging the time for appeal, even if the party that desires to appeal was unaware of the prior order or judgment and thus could not timely appeal from it. *Id.*; *Pletcher v. Hansen*, Nos. 01-09-00516-CV & 01-10-00845-CV, 2011 WL 1631811, at *6–7 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, no pet.) (mem. op.).

*Analysis*

JRJ had to file its notice of appeal within 20 days of the trial court's ruling denying the special appearance. JRJ concedes that it did not do so. Nor does JRJ contend that it did so within 15 days of the 20-day deadline. Thus, JRJ's appeal is untimely under the ordinary deadlines applicable to interlocutory appeals.

JRJ relies on the limited exception to these deadlines that applies when a party was unaware that the trial court had signed an appealable order. *See* TEX. R. APP. P. 4.2; TEX. R. CIV. P. 306a. But its reliance is misplaced for two independent reasons.

First, the limited exception categorically does not apply on the present facts. The trial court signed the order on August 27, 2018. JRJ avers that it first learned of the order 116 days later on December 21, 2018. Rule 4.2 of the Rules of Appellate Procedure and Rule 306a of the Rules of Civil Procedure provide a remedy solely when a party learns of an appealable order within 90 days of the date on which the trial court signed it. *See Garza*, 579 S.W.3d at 712–13; *Lyles*, 2015 WL 448500, at *2. Thus, JRJ cannot invoke the limited exception afforded by Rule 4.2.

Second, when Rule 4.2 applies, a party must obtain a written order from the trial court finding the date on which the party first learned of the appealable order to extend its appellate deadlines under the rule. *See* TEX. R. APP. P. 4.2(c). JRJ does not dispute that it has not obtained an order from the trial court. Thus, even if Rule 4.2 applied on the present facts, JRJ has not done what is required to extend its appellate

deadlines under the rule. *See id.*; *Lynd Co.*, 195 S.W.3d at 686; *Johnson*, 2017 WL 1173886, at *2; *Gabe Reed*, 2012 WL 4857464, at *1.

This result may seem rhadamanthine, given that JRJ's lack of notice is undisputed, but the deadlines to appeal are jurisdictional. TEX. R. APP. P. 25.1(b); *see K.L.L.*, 506 S.W.3d at 660. We therefore have no authority to relax these deadlines beyond that which the rules expressly allow. *See* TEX. R. APP. P. 2 (court cannot suspend rules in manner that would alter time to perfect appeal); *Galerie Barbizon*, 16 S.W.3d at 508 (court lacks jurisdiction to extend time to appeal absent compliance with jurisdictional deadlines imposed by appellate rules). No statute or rule of procedure affords a remedy to JRJ under these circumstances.

We note, however, that our decision does not necessarily deprive JRJ of the opportunity to contest the trial court's personal-jurisdiction ruling. While we lack subject-matter jurisdiction to decide this issue on interlocutory appeal, our decision does not bar JRJ from raising it on appeal from the final judgment. *See DeWolf v. Kohler*, 452 S.W.3d 373, 383 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (denial of special appearance may be raised on appeal from final judgment); *see also Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex. 2009) (failure to file interlocutory appeal doesn't waive right to raise issue on appeal from final judgment).

## CONCLUSION

We dismiss this appeal for lack of subject-matter jurisdiction. *See Jack M. Sanders Fam. Ltd. P'ship v. Roger T. Friedman Revocable Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (appellate court must dismiss appeal unless record affirmatively shows appellate jurisdiction exists).


Gordon Goodman
Justice

Panel consists of Justices Keyes, Goodman, and Countiss.