**Opinion issued January 30, 2020**



In The

# Court of Appeals

### For The

# First District of Texas

————————————

### NO. 01-19-00745-CV

————————————

### UNI-TEC TRADE, INC., Appellant

### V.

### SCHNEIDER ELECTRIC SERVICES AND ECP ELECTRICAL SUPPLY, INC., Appellees

---

### On Appeal from the 234th District Court
### Harris County, Texas
### Trial Court Case No. 2016-80650

---

### MEMORANDUM OPINION

Appellant, Uni-Tec Trade, Inc., is attempting to appeal from orders signed on June 3, 2019 and September 16, 2019. Appellees filed a motion to dismiss the appeal as untimely. We grant the motion and dismiss the appeal.

In its original petition, Uni-Tec sued Schneider Electric Services and ECP Electrical Supply, Inc. for damages for negligent misrepresentation, intentional misrepresentation, DTPA violations, breach of contract, fraud, and fraudulent inducement. The trial court signed an interlocutory order on March 29, 2018 granting summary judgment in favor of Schneider on all claims by Unit-Tec against Schneider. A jury trial was held on Uni-Tec's claims against ECP. On June 3, 2019, the trial court signed a judgment based on the jury verdict ordering that Uni-Tec take nothing on its claims against ECP.

Although it had filed a motion for new trial challenging the interlocutory summary judgment in favor of Schneider on April 29, 2018, Uni-Tec filed another motion for new trial and a motion for reconsideration of the summary judgment order in favor of Schneider on July 2, 2019. Also on July 2, 2019, Uni-Tec filed a second amended motion for new trial and motion for reconsideration of the interlocutory summary judgment granted to Schneider. By order signed September 16, 2019, the trial court denied Uni-Tec's second amended motion for new trial and for reconsideration of the judgment granted to Schneider. Uni-Tec filed a notice of appeal on September 24, 2019.

Appellees, Schneider and ECP, filed a motion to dismiss the appeal, claiming that Uni-Tec's notice of appeal was untimely filed.

Unless a motion for new trial is timely filed, the notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The motion for new trial is timely filed if filed within thirty days after the judgment is signed. *See* TEX. R. CIV. P. 329b(a). If a motion for new trial is timely filed within thirty days after the signing of the final judgment, the deadline for filing the notice of appeal is extended until ninety days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a)(1). If the notice of appeal is filed within the fifteen-day period after it is due, the appellate court may grant an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (extension of time implied if notice of appeal filed within fifteen-day period after notice of appeal is due).

The final judgment was signed on June 3, 2019, when the trial court signed a judgment on the jury verdict in favor of ECP. Because Uni-Tec filed a timely motion for new trial within thirty days after the final judgment was signed, its notice of appeal was due ninety days after the June 3rd judgment was signed. The ninetieth (90th) day was Sunday, September 1, 2019. Because the deadline was a Sunday, and the following Monday was a holiday—Labor Day—Uni-Tec's notice of appeal was due to be filed on Tuesday, September 3, 2019. Uni-Tec did not file its notice of appeal until September 24, 2019, twenty-one days after it was due. Because the notice of appeal was filed more than fifteen days after the deadline, no extension of

3

time was implied and the Court lacks jurisdiction over this appeal. *See Galerie Barbizon, Inc. v. Nat'l Asset Placement Corp.*, 16 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

Appellees' motion to dismiss is granted. We dismiss the appeal for lack of jurisdiction. Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Landau and Hightower.