**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00126-CV**
_____

**TEXIENNE ONCOLOGY CENTERS, PLLC**
**F/K/A HOUSTON PHYSICIANS MEDICAL ASSOCIATION, Appellant**

**V.**

**COVIDIEN, LP, Appellee**

_____

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 18-08-10558-CV**
_____

**MEMORANDUM OPINION**

Appellant Texienne Oncology Centers, PLLC ("Appellant" or "Texienne")

appeals from an order granting a Final Summary Judgment for Appellee Covidien,

LP ("Appellee" or "Covidien") and dismissing Texienne's bill of review. The trial

court rendered the Final Summary Judgment on December 18, 2018. Texienne filed

its Notice of Appeal on April 11, 2019. On the same day it filed the Notice of Appeal,

Texienne also filed an Emergency Motion to Extend Post-Judgment Deadlines,

wherein Texienne alleged that it did not receive notice of the final judgment until April 11, 2019, and it requested an extension of the time to file post-judgment motions under Rule 306a(4). *See* Tex. R. Civ. P. 306a(4). On April 16, 2019, the trial court signed an order granting the emergency motion and it made a finding that the notice of the final judgment was not received until April 11, 2019.

A notice of appeal must be filed within thirty days after the judgment is signed, except that when a party timely files a motion for new trial, motion to modify, motion to reinstate, or a request for findings of fact and conclusions of law, the period is extended to ninety days. *See* Tex. R. App. P. 26.1. The appellate record does not show that Texienne filed a timely motion for new trial, motion to modify, motion to reinstate, or a request for findings of fact and conclusions of law. An appellate court may extend the time to file a notice of appeal by motion within fifteen days after the deadline for filing the notice of appeal. *See* Tex. R. App. P. 26.3. The appellate record does not include any such motion by Texienne.

Texas Rule of Civil Procedure 306a(4) provides:

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

The requirements of Rule 306a(4) are jurisdictional. *See Mem. Hosp. of Galveston Cty. v. Gillis*, 741 S.W.2d 364, 365-66 (Tex. 1987). Filing a motion that complies with the requirements of Rule 306a invokes the trial court's jurisdiction for the limited purpose of determining the date of notice. *See id.* Rule 306a provides a limited exception to gain additional time to perfect an appeal when a party learns of an appealable order *within* ninety days of the date the trial court signs the order. *See Gerdau Ameristeel Corp. v. Beard*, No. 09-20-00021-CV, 2020 Tex. App. LEXIS 2764, at **4-5 (Tex. App.—Beaumont Apr. 2, 2020, pet. denied) (mem. op.) (citing *JRJ Invs., Inc. v. Artemis Global Bus., Inc.*, No. 01-19-00004-CV, 2019 Tex. App. LEXIS 10267, at **4-5 (Tex. App.—Houston [1st Dist.] Nov. 26, 2019, no pet.) (mem. op.); *Ford Motor Co. v. Garza*, 579 S.W.3d 709, 712-13 (Tex. App.—El Paso 2019, pet. filed)). Where a party receives notice of a judgment more than ninety days after the judgment, the trial court no longer has jurisdiction over the case. *See Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993) (per curiam). The order granting the Motion to Extend Post-Judgment Deadlines in this case did not extend the time to perfect an appeal. *Id*. Therefore, we dismiss the appeal for lack of jurisdiction. *See Gerdau Ameristeel Corp.*, 2020 Tex. App. LEXIS 2764, at *5.[1]

---

[1] We note that Appellant's Reply Brief states that, as of August 2020, a bill of review of the bill of review on appeal to this Court was pending and set for trial. Our appellate record lacks information on the disposition of the second bill of review.

APPEAL DISMISSED.

PER CURIAM

Submitted on January 25, 2021
Opinion Delivered February 4, 2021

Before Golemon, C.J., Horton and Johnson, JJ.

4