

# Fourth Court of Appeals
## San Antonio, Texas

March 15, 2022

No. 04-22-00124-CV

**IN THE INTEREST OF P.R.D., A CHILD**

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2020PA02325
Honorable Kimberly Burley, Judge Presiding

# O R D E R

On January 20, 2022, the trial court signed a final judgment terminating appellant's parental rights to her child. Because this is an accelerated appeal, the notice of appeal was due to be filed on February 9, 2022. *See* TEX. R. APP. P. 4.1(a), 26.1(b), 28.4; TEX. FAM. CODE ANN. § 263.405(a). A motion for extension of time to file the notice of appeal was due to be filed on February 24, 2022. *See* TEX. R. APP. P. 26.3. On February 28, 2022, appellant filed her notice of appeal. On that same day, she filed a motion for extension of time to file the notice of appeal. In her motion, appellant states that she is seeking a 20-day extension of time to file her notice of appeal, stating that appellant's counsel was unaware that the trial court had signed the order of termination until it was forwarded to all parties on February 28, 2022.

The timely filing of a notice of appeal is jurisdictional, and absent a timely filed notice of appeal or a timely filed request for an extension of time, we generally must dismiss the appeal. *See id. R.* P. 25.1(b); *In re K.M.Z.*, 178 S.W.3d 432, 433 (Tex. App.—Fort Worth 2005, no pet.); *see also Galerie Barbizon, Inc. v. Nat'l Asset Placement Corp.*, 16 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (holding court of appeals lacked jurisdiction to grant an extension of time, even if properly requested, or to consider the appeal because notice of appeal was filed more than 15 days after the deadline for filing the notice of appeal). However, at least one of our sister courts has held that application of the rules concerning the perfection of appeals was unconstitutional as applied in a termination case when a parent's counsel became aware of his appointment after the deadline for filing a notice of appeal or an extension of time had passed. *See In re D.P.G.*, No. 05-20-00652-CV, 2021 WL 2472717, at *3 (Tex. App.—Dallas June 17, 2021, no pet.). In addition, Rule 306a of the Texas Rules of Civil Procedure provides for a procedure to establish a party's or her attorney's late notice or actual knowledge of an appealable order, so that deadlines can be extended. *See* TEX. R. CIV. P. 306a. This procedure requires proof in the trial court. *See id.* R. 306a(5).

It is therefore ORDERED that appellant file, **within seven days** from the date of this order, a response explaining how this court has jurisdiction to grant her an extension of time to

file her notice of appeal and how this court has jurisdiction over her appeal. Appellant's response should address whether Rule 306a of the Texas Rules of Civil Procedure provides a procedure to establish late notice or actual knowledge of the termination order and, if so, whether appellant has filed a motion with the trial court pursuant to Rule 306a(5). If appellant fails to respond within the time provided, this appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c).

_____
Rebeca C. Martinez, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 15th day of March, 2022.

_____
MICHAEL A. CRUZ, Clerk of Court