

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00291-CV

_____

CHRISTINA AKINNUSOTU, Appellant

V.

FC MARKETPLACE, LLC, Appellee

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-333281-22

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Christina Akinnusotu attempts to appeal the trial court's May 1, 2023 order granting Appellee FC Marketplace, LLC's motion for traditional summary judgment on her petition for bill of review. Appellant filed a motion for new trial on May 17, 2023. She filed her notice of appeal on August 16, 2023.

Generally, a notice of appeal must be filed within thirty days after the date the judgment is signed, but certain post-judgment motions can extend that deadline to ninety days. *See* Tex. R. App. P. 26.1(a) ("[T]he notice of appeal must be filed within 90 days after the judgment is signed if any party files . . . a motion for new trial[ or] a motion to modify the judgment[.]"). An appellate court may grant an additional fifteen-day extension of time to file the notice of appeal. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Thus, in a typical civil case, a party who wishes to appeal could take up to 105 days from the date the judgment is signed to file a notice of appeal. *See* Tex. R. App. P. 26.1(a), 26.3; *Poard v. Webb*, No. 02-22-00262-CV, 2022 WL 3464863, at *1 (Tex. App.—Fort Worth Aug. 18, 2022, no pet.) (per curiam) (mem. op.); *see also Verburgt*, 959 S.W.2d at 617 (citing Rule 26.3 and holding motion for extension of time is necessarily implied when appellant, acting in good faith, files a document attempting to perfect appeal beyond time allowed by appellate rules but within fifteen-day period in which appellant would be entitled to move to extend filing deadline).

Because Appellant timely filed a motion for new trial within thirty days of the judgment's signing, the notice of appeal was due no later than July 31, 2023.[1] *See* Tex. R. App. P. 26.1(a). Appellant did not file her notice of appeal within fifteen days or otherwise move to extend that deadline. *See* Tex. R. App. P. 26.3; *Verburgt*, 959 S.W.2d at 617; *Poard*, 2022 WL 3464863, at *1. Even if she had, the notice-of-appeal deadline would not have extended beyond August 15, 2023.[2] *See* Tex. R. App. P. 26.3. Appellant's August 16, 2023 notice of appeal was therefore untimely.

Concerned that we did not have jurisdiction over the appeal, we notified Appellant that unless she filed a response showing grounds for continuing the appeal, we could dismiss it. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant filed a response asserting that "good cause" existed to allow for this court to find that it had jurisdiction pursuant to Rule 26.1. To show "good cause," Appellant's lead appellate counsel attached his own affidavit to the response, in which he attested that a sudden death in his family was the cause of the unintentional delay in filing Appellant's notice of appeal. Although we sympathize with counsel and his family, we do not have

[1]The ninetieth day fell on a weekend, moving Appellant's notice-of-appeal deadline to the following Monday. *See* Tex. R. App. P. 4.1(a).

[2]Because the notice-of-appeal deadline had been extended due to a weekend, *see* Tex. R. App. P. 4.1(a), the fifteen-day period for filing a motion for an additional extension began on the extended date of the underlying filing deadline, or July 31, 2023. *See Phoenix v. John F. Scott & Co.*, 676 S.W.2d 441, 442–43 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) (order on ancillary motion); Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Appellate Practice* § 12:32 (2d ed. 2022); *see also Poard*, 2022 WL 3464863, at *1 (citing Rule 4.1(a) and calculating fifteen-day period from extended date of underlying filing deadline).

jurisdiction to consider this appeal. *See* Tex. R. App. P. 2, 25.1(b); *Verburgt*, 959 S.W.2d at 617 ("[O]nce the period for granting a motion for extension of time . . . has passed, a party can no longer invoke the appellate court's jurisdiction."); *Chilkewitz v. Winter*, 25 S.W.3d 382, 382 (Tex. App.—Fort Worth 2000, no pet.) (per curiam) ("The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal, we must dismiss the appeal."); *Galerie Barbizon, Inc. v. Nat'l Asset Placement Corp.*, 16 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (per curiam) ("[W]e have no jurisdiction to grant an extension of time, even if properly requested, or to consider this appeal."); *see also Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Accordingly, because Appellant's August 16, 2023 notice of appeal was untimely, we must dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: September 14, 2023

4