**Opinion issued March 14, 2023**



In The

# Court of Appeals

### For The

# First District of Texas

—————————————

## NO. 01-22-00899-CV

—————————————

## EDDIE JAMES, Appellant

## V.

## WOODFOREST NATIONAL BANK, Appellee

On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Case No. 2022-09837

## MEMORANDUM OPINION

Appellant, Eddie James, proceeding pro se, filed a notice of appeal of the trial

court's October 18, 2022 judgment.

We dismiss the appeal for lack of jurisdiction.

Any party "seek[ing] to alter the trial court's judgment" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). If a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

Generally, a notice of appeal is due within thirty days after the trial court signs its judgment. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal and a motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the trial court signed its final judgment on October 18, 2022. The record does not reflect that appellant filed any post-judgment motions extending the

notice-of-appeal deadline. Thus, appellant's notice of appeal was due to be filed on or before November 17, 2022. *See* TEX. R. APP. P. 26.1. Appellant filed his notice of appeal on December 1, 2022 but did not file a motion for extension of time to file a notice of appeal. *See* TEX. R. APP. P. 10.5(b), 26.3.

Although appellant did not file a motion for extension of time to file a notice of appeal when he filed his notice of appeal, a motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the fifteen-day extension period provided by Texas Rule of Appellate Procedure 26.3, and the appellant reasonably explains the need for an extension of time. TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *In re A.J.U.*, No. 01-16-00371-CV, 2016 WL 3946925, at *1 (Tex. App.—Houston [1st Dist.] July 19, 2016, no pet.) (mem. op.). Here, appellant filed his notice of appeal within the fifteen-day extension period provided by Texas Rule of Appellate Procedure 26.3; thus, a motion for extension of time to file his notice of appeal may be implied as to his appeal if he has provided this Court with a reasonable explanation of the need for an extension. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Pasha v. YP Advert., L.P.*, No. 01-14-00456-CV, 2014 WL 4116456, at *1 (Tex. App.—Houston [1st Dist.] Aug. 21, 2014, no pet.) (mem. op.) (although appellants' notice

3

of appeal filed within fifteen-day extension period, appellants still required to offer reasonable explanation of need for extension).

On February 2, 2023, the Clerk of this Court notified appellant that his appeal was subject to dismissal for lack of jurisdiction unless, by February 16, 2023, appellant filed a written response providing a reasonable explanation for the untimely filing of his notice of appeal. *See* TEX. R. APP. P. 42.3(a), (c); *cf. Hernandez v. McLane*, No. 07-19-00422-CV, 2020 WL 62627, at *1 (Tex. App.—Amarillo Jan. 6, 2020, no pet.) (mem. op.). Appellant did not adequately respond.

Because appellant did not provide a reasonable explanation for his untimely filed notice of appeal, we cannot grant an implied motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3; *Hernandez*, 2020 WL 626627, at *1. Accordingly, we dismiss appellant's appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f); *Renovation Genius LLC v. Brooks*, No. 01-21-00063-CV, 2023 WL 17539, at *1 (Tex. App.—Houston [1st Dist.] Jan. 3, 2023, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction where appellant's notice of appeal was untimely and appellant did not provide any reasonable explanation for failing to timely file notice of appeal); *see also Hernandez*, 2020 WL 626627, at *1; *In re H.H.*, No. 07-15-00308-CV, 2015 WL 5559922, at *1 (Tex. App.—Amarillo Sept. 18, 2015, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction where appellant filed notice of appeal within fifteen-day extension period but did not respond to appellate

court's notice to provide reasonable explanation for untimely notice of appeal). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.