**Opinion issued August 23, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00396-CV

————————————

## IN THE INTEREST OF K. L. L., A CHILD

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-39280**

---

## O P I N I O N

Appellant, William Solomon Lewis, filed a *pro se* petition in the underlying case seeking to terminate his parental rights. In this appeal, Lewis attempts to appeal the trial court's dismissal of his underlying action for want of prosecution and the purported denial by operation of law of his subsequent motion to reinstate. We dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a) (deadline to file notice of appeal extended to ninety days after judgment is signed if party timely files motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law); TEX. R. CIV. P. 165a(3) (motion to reinstate case dismissed for want of prosecution "shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a."); TEX. R. CIV. P. 306a(1) ("The date of judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order and for filing in the trial court the various documents that these rules authorize a party to file within such periods including, but not limited to, motions for new trial, motions to modify judgment, motions to reinstate a case dismissed for want of prosecution, motions to vacate judgment and requests for findings of fact and conclusions of law . . . ."); TEX. R.

2

CIV. P. 329b(a), (g) (motion to modify, correct, or reform judgment must be filed within thirty days after judgment is signed).

Although the deadline to timely file a post-judgment motion is generally no later than thirty days after the date the final judgment or order was signed, Texas Rule of Civil Procedure 306a(4) provides an exception to this general rule by extending the deadline when a party establishes that it did not receive notice of a judgment within twenty days of the judgment being signed. TEX. R. CIV. P. 306a(4). With respect to these parties, the deadline for filing post-judgment motions begins to run "on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." *Id*. Texas Rule of Appellate Procedure 4.2(a)(1) similarly provides an extension of appellate deadlines when a party establishes that it did not receive notice of a trial court's judgment within twenty days of the judgment being signed. TEX. R. APP. P. 4.2(a)(1). In these cases, appellate deadlines that run from the signing of the judgment begin on "the earlier of the date when the party receives notice or acquires actual of the signing" of the judgment, but the deadline will not be extended more than ninety days after the judgment was signed. *Id*.

Here, the trial court signed the dismissal order from which Lewis appeals on November 16, 2015. Lewis filed his notice of appeal on May 11, 2016, one-hundred-

and-forty-seven days after the dismissal. Lewis filed a motion to reinstate the case and a supporting affidavit, claiming that he did not receive actual notice of the dismissal until January 7, 2016, and thus his motion to reinstate filed on February 4, 2016 was timely filed. *See* TEX. R. CIV. PRO. 306(a)(4). Even considering the motion to reinstate timely filed and applying the deadline for filing the notice of appeal from January 7, 2016 (the date Lewis averred that he received actual notice of the order), Lewis's notice of appeal is untimely because it was filed more than ninety days later. *See* TEX. R. APP. P. 4.2(a)(1), 26.1(a).

Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1. On June 3, 2016, the Clerk of this Court notified Lewis that this appeal was subject to dismissal for want of jurisdiction unless he demonstrated this Court had jurisdiction over this appeal. Lewis filed a response claiming that his motion to reinstate was denied by operation of law after seventy-five days and that he had ninety days from such denial to file his notice of appeal. Lewis's position is contrary to the applicable Texas Rules of Appellate Procedure. The timely filing of a motion to reinstate extends the notice of appeal deadline to ninety days from the date Lewis received notice of the dismissal, not the denial of the motion to reinstate. *See* TEX. R. APP. P. 4.2(a)(1), 26.1. Lewis thus has failed to demonstrate that this Court has jurisdiction over this appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.


Jane Bland
Justice


Panel consists of Justices Bland, Massengale, and Lloyd.