**Opinion issued July 25, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

### NO. 01-23-00324-CV

_____

### ZEN VENTURES, LLC, Appellant

### V.

### PROPEL FINANCIAL SERVICES, AS AGENT AND ATTORNEY IN FACT FOR FNA VI, LLC, Appellee

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-79189**

---

### MEMORANDUM OPINION

On May 1, 2023, appellant, Zen Ventures, LLC, filed a notice of appeal of the trial court's February 1, 2023 final judgment.

We dismiss the appeal for lack of jurisdiction.

Any party "seek[ing] to alter the trial court's judgment" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). If a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

Generally, a notice of appeal is due within thirty days after the trial court signs its judgment. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal and a motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the trial court signed its final judgment on February 1, 2023, making appellant's notice of appeal due on March 3, 2023. *See* TEX. R. APP. P. 26.1.

Although the record reflects that appellant filed a motion for new trial, it did not do so until April 26, 2023. A motion for new trial is timely if it is filed within thirty days after the complained-of judgment or order is signed. *See* TEX. R. CIV. P. 329b(a). Thus, appellant's motion for new trial was due on March 3, 2023, and its April 26, 2023 motion for new trial was untimely. *See id.* An untimely motion for new trial cannot extend the deadline for appellant to file its notice of appeal.[1] *See Hartley v. Esquire Deposition*, No. 01-17-00508-CV, 2018 WL 1720670, at \*1 (Tex. App.—Houston [1st Dist.] Apr. 10, 2018, no pet.) (mem. op.); *Coffee v. Coffee*, No. 03-16-00466-CV, 2016 WL 4272122, at \*1 (Tex. App.—Austin Aug. 11, 2016, no pet.) (mem. op.); *Aziz v. Waris*, No. 01-15-00175-CV, 2015 WL 5076295, \*1–2 (Tex. App.—Houston [1st Dist.] Aug. 27, 2015, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction after concluding appellant's motion for new trial was filed late and did not operate to extend notice-of-appeal deadline).

---

[1] On February 3, 2023, appellant filed an "Appeal of the Master's Report," objecting to a master's report filed in the trial court on January 20, 2023. This document does not constitute a motion for new trial and did not extend the deadline for appellant to file its notice of appeal. *See* TEX. TAX CODE ANN. § 33.74 ("Appeal of [Master's] Recommendation of Final Judgment to the Referring Court or on Request of the Referring Court"); *Finely v. J.C. Pace Ltd.*, 4 S.W.3d 319, 320 (Tex. App.—Houston [1st Dist.] 1999, order) ("A motion for new trial must, by its very nature, seek to set aside an existing judgment . . . ."); *see also Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 534 n.9 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (explaining operation of relevant Texas Tax Code provisions).

Because appellant's motion for new trial did not operate to extend its notice-of-appeal deadline, appellant's notice of appeal, filed on May 1, 2023, was not timely filed. *See* TEX. R. APP. P. 26.1. On June 5, 2023, appellee, Propel Financial Services, as Agent and Attorney in Fact for FNA VI, LLC, filed a motion to dismiss appellant's appeal for lack of jurisdiction, requesting that this Court dismiss appellant's appeal because appellant's notice of appeal was untimely filed. Appellant did not respond to appellee's motion.

Accordingly, we grant appellee's motion and dismiss appellant's appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see, e.g.*, *Hartley*, 2018 WL 1720670, at *1; *Aziz*, 2015 WL 5076295, at *1–2. We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.