**Opinion issued October 12, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-22-00711-CV**

———————————

**ASCENT AVIATION, LLC, MICHAEL D. KING, AND KAREN KING,
Appellants**

**V.**

**DOVENATOR HOLDINGS, LLC, Appellee**

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 21-DCV-284065**

---

## MEMORANDUM OPINION

On December 17, 2021, the trial court entered a default judgment against appellants Ascent Aviation, LLC, Michael D. King, and Karen King. Appellants filed a motion to set aside the default judgment and motion for new trial on January

5, 2022, but they did not file a notice of appeal until October 3, 2022. For the reasons outlined below, we dismiss the appeal for lack of jurisdiction.

**Background and Procedural History**

Appellee Dovenator Holdings, LLC (Dovenator) filed suit against appellants on June 4, 2021, asserting claims for breach of contract and fraud/fraudulent inducement arising out of a loan agreement between the parties. After attempting to serve appellants eight times at two locations, Dovenator filed a motion for substituted service on July 6, 2021, and the trial court granted the motion. The order permitted Dovenator to effectuate service by delivering a copy of the citation, petition, and order to someone over the age of sixteen at the Kings' usual place of abode or their principal place of business; or by securely affixing copies of the citation, petition, and order to the gate at the Kings' residence.

In accordance with the trial court's order, Dovenator served appellants by attaching copies of the relevant documents to the gate at the King's residence on August 12, 2021. When appellants still did not answer or otherwise appear in the lawsuit, Dovenator moved for default judgment against appellants on October 21, 2021. Dovenator sought a judgment establishing appellants' liability and awarding damages to Dovenator in the amount of $725,812.93, plus post-judgment interest, attorneys' fees, and expenses. Though no record from the proceeding appears before us, the appellate record indicates that the associate judge conducted a virtual

2

hearing on the motion for default judgment on November 17, 2021.[1] The associate judge then signed the default judgment against appellants on November 19, 2021, as requested by Dovenator.

On November 29, 2021, appellants filed an answer to Dovenator's suit and a counterclaim alleging fraud and intentional misrepresentation. However, on December 17, 2021, the presiding judge signed the default judgment.[2] Appellants filed a "Motion for New Trial and Request to Set Aside Default Judgment" on January 5, 2022, claiming that they did not learn they had been sued until Karen King found the suit papers in the dirt outside her home on November 27, 2021. The trial court set the motion for hearing on January 14, 2022; however, due to an ongoing trial, the court continued the hearing to February 4, 2022. The day before the scheduled hearing, the trial court's administrator advised the parties the hearing would need to be continued again due to inclement weather, and the parties selected March 25, 2022 as the new hearing date.

---

[1] Appellants claim they did not receive notice of the hearing.

[2] Though the associate judge signed the default judgment on November 19, 2021, notice was not issued in accordance with Texas Rule of Civil Procedure 239a until after the presiding judge signed the default judgment on December 17, 2021. *See* TEX. R. CIV. P. 239a ("Immediately upon the signing of the [default] judgment, the clerk shall mail written notice thereof to the party against whom the judgment was rendered at the address shown in the certificate, and note the fact of such mailing on the docket."). The parties agree that December 17, 2021 is the operative date of the default judgment.

Ultimately, during the March 25, 2022 hearing, the associate judge suspended the proceedings, and the hearing on the motion for new trial resumed on April 1, 2022.[3] Though the associate judge orally granted the motion at the conclusion of the hearing, she did not sign a written order granting the motion for new trial until April 4, 2022, after the expiration of the court's plenary power.

On August 23, 2022, Dovenator filed a motion to vacate the trial court's April 4, 2022 order granting a new trial, arguing that because the trial court's plenary power expired on April 1, 2022, the order was void. Following a hearing, the trial court granted Dovenator's motion to vacate the order granting a new trial on September 29, 2022. Appellants filed their notice of appeal on October 3, 2022.[4]

On appeal, Dovenator contends that to the extent appellants attempt to appeal the default judgment, we lack jurisdiction because appellants' notice of

---

[3]     As the parties repeatedly pointed out during the proceedings, April 1, 2022 was the 105th day after the filing of the motion for new trial—the last day of the trial court's plenary power. *See* TEX. R. CIV. P. 329b(e) (providing that trial court retains plenary power to "vacate, modify, correct, or reform the judgment" for thirty days after motions for new trial are overruled, whether by written order or by operation of law, whichever occurs first). Here, the motion for new trial was deemed overruled by operation of law seventy-five days after the December 17, 2021 default judgment, or on March 2, 2022. *See* TEX. R. CIV. P. 329b(c).

[4]     Appellants did not file a notice of appeal challenging the default judgment. Rather, appellants' notice of appeal explicitly states that they "appeal the *Order to Set Aside and Vacate the Court's April 4, 2022* order originally granting Defendants' *Motion for New Trial* which was signed and entered into by this Court on September 29, 2022." (emphasis in original).

appeal, due ninety days after entry of the default judgment, was not timely filed.[5]

Dovenator further argues that we lack jurisdiction to consider an appeal from the trial court's September 29, 2022 order vacating its April 4, 2022 order because that order is not an appealable, final judgment.

## Jurisdictional Analysis

Before we can address the merits of this case, we must first determine whether we have jurisdiction over the appeal. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1; *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. However, the deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a).

Here, it is undisputed that appellants timely filed a motion for new trial on January 5, 2022. Therefore, pursuant to Texas Rule of Appellate Procedure 26.1,

---

[5] Dovenator filed a motion to dismiss the appeal on jurisdictional grounds. After reviewing the briefing of the parties and relevant legal authority, we conclude that appellants' notice of appeal was untimely, and we lack jurisdiction to consider their appeal.

appellants had ninety days from the December 17, 2021 default judgment to file their notice of appeal—or by March 17, 2022. Instead, appellants did not file their notice of appeal until October 3, 2022.

Appellants argue that even if they had filed a notice of appeal within ninety days as instructed by Texas Rule of Appellate Procedure 26.1, that notice "would have been moot at the time of filing said notice of appeal premised on the undisputed fact that the trial court, on April 1, 2022, granted Appellants' motion for new trial." That would have been the case had the trial court granted the motion for new trial within its plenary power. However, the trial court did not sign the order granting appellants' motion for new trial until April 4, 2022, after its plenary power expired. Under Texas Rule of Civil Procedure 329b(c), appellants' motion for new trial was deemed overruled by operation of law seventy-five days following entry of the December 17, 2021 default judgment, or on March 2, 2022. *See* TEX. R. CIV. P. 329b(c). At that point, appellants still had fifteen days left to file a notice of appeal from the trial court's default judgment, or until March 17, 2022 (ninety days after the entry of the default judgment). *See* TEX. R. APP. P. 26.1(a). The timely filing of a notice of appeal of the default judgment by March 17, 2022 would not have impacted appellants' motion for new trial. In fact, rule 329b contemplates a situation where both a motion for new trial and a notice of appeal are filed. *See* TEX. R. CIV. P. 329b(e) ("If a motion for new trial is timely

6

filed by any party, the trial court, *regardless of whether an appeal has been perfected*, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.") (emphasis added).

Appellants, both in their merits briefing and in response to Dovenator's motion to dismiss the appeal, outline numerous arguments as to why the trial court retained jurisdiction until April 4, 2022. However, none of these arguments pertain to *this* Court's jurisdiction. Without a timely filed notice of appeal, this Court does not have jurisdiction to consider this appeal. *See* TEX. R. APP. P. 25.1; *In re K.L.L.*, 506 S.W.3d at 560. Even if the trial court had ruled on the motion for new trial within its plenary power, this would not have extended the time for appellants to file a notice of appeal because "the time for filing a notice of appeal runs from the signing of the final judgment, not the subsequent denial of a motion for new trial." *Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019 WL 4677365, at \*2 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (per curiam) (mem. op.) (citing TEX. R. APP. P. 26.1); *N. Cent. Baptist Hosp. v. Chavez*, No. 04-20-00590-CV, 2021 WL 983351, at \*1 (Tex. App.—San Antonio Mar. 17, 2021, no pet.) (mem. op.) (same); *Meuth v. Meuth*, No. 03-18-00860-CV, 2019 WL 332270, at \*1 n.1 (Tex. App.—Austin Jan. 25, 2019, no pet.) (mem. op.) (same); *see also*

*Naaman v. Grider*, 126 S.W.3d 73, 74–75 (Tex. 2013) (per curiam) (holding that where trial court signed final judgment on May 3, and denied motion for new trial by written order on June 1, notice of appeal filed August 25 and purportedly taken from June 1 order was untimely; June 1 order was not final judgment and could not be construed as modifying, correcting or reforming May 3 judgment so as to reset appellate timetable).

Further, "[a]n order denying a motion for new trial is not independently appealable."[6] *Fletcher v. Ahrabi*, No. 01-12-00794-CV, 2012 WL 6082915, at *1 (Tex. App.—Houston [1st Dist.] Dec. 6, 2012, no pet.) (per curiam) (mem. op.); *see also Wilson v. Avendano*, No. 01-21-00631-CV, 2021 WL 5903920, at *1 (Tex. App.—Houston [1st Dist.] Dec. 14, 2021, no pet.) (per curiam) (mem. op.) ("[A]n order denying a post-judgment motion does not exist separate from the underlying, appealable judgment, and is not independently appealable."). Therefore, the final, appealable judgment in this case is the trial court's December 17, 2021 default judgment.

To the extent appellants argue that their appeal is taken from the September 29, 2022 order vacating the April 4, 2022 order, we likewise determine that the

---

[6]     If, however, the trial court *grants* a motion for new trial within its plenary power, even after it has been overruled by operation of law, this effectively reinstates the case on the court's active docket and deprives the appellate court of jurisdiction over the appeal. *See North Burnet Gun Store, LLC v. Tack*, 604 S.W.3d 587, 590 (Tex. App.—Austin 2020, no pet.).

September 29, 2022 order is not independently appealable. Appellants contend that the September 29, 2022 order modified the default judgment and should be classified as a "correction under [rule] 316" which "would therefore reset the appellate timetable." *See* TEX. R. CIV. P. 316 (providing that "[c]lerical mistakes in the record of any judgment may be corrected by the judge in open court according to the truth or justice of the case after notice of the motion therefor has been given to the parties interested in such judgment").

The Texas Supreme Court considered and rejected a similar argument in *Naaman*, 126 S.W.3d at 74–75. Here, as in *Naaman*, nothing about the September 29, 2022 order corrected or modified the December 17, 2021 default judgment. The order makes no mention of the default judgment but instead states that "the Court's Order of April 4, 2022 is to be vacated." The September 29, 2022 order "left the [default] judgment undisturbed"; therefore, rule 316 does not save appellants' untimely notice of appeal. *See Naaman*, 126 S.W.3d at 74.

Here, because neither the April 4, 2022 order on the motion for new trial nor the September 29, 2022 order vacating the April 4, 2022 order are "independently appealable," *see Fletcher*, 2012 WL 6082915, at *1; *Naaman*, 126 S.W.3d at 74–75, and because appellants failed to file a timely notice of appeal of the trial court's December 17, 2021 default judgment (a final, appealable order), we lack

9

jurisdiction to consider this appeal. *See Wilson*, 2021 WL 5903920, at \*1; *Fletcher*, 2012 WL 6082915, at \*1.

## Conclusion

We dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

Amparo Guerra
Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.