Opinion issued April 4, 2024



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00780-CV

————————————

## IN THE MATTER OF THE GUARDIANSHIP OF BESSIE O. WALKER

On Appeal from the County Court at Law No. 1
Brazoria County, Texas
Trial Court Case No. GN40492

## MEMORANDUM OPINION

Appellant William P. Walker is attempting to appeal from the trial court's

*Order Nunc Pro Tunc Approving Account for Final Settlement of Guardianship*,

signed on August 15, 2022. Walker filed his notice of appeal on October 19, 2022.

A notice of appeal is usually due within 30 days after the date a judgment is

signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended

to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). The court of appeals may extend the time to file an appeal if, within 15 days after the original deadline, the party files a notice of appeal in the trial court and a motion to extend the deadline in the appellate court. TEX. R. APP. P. 26.3.

There is a limited exception to the preceding deadlines when a party lacks notice and actual knowledge of the trial court's judgment. *See JRJ Invs., Inc. v. Artemis Glob. Bus., Inc.*, No. 01-19-00004-CV, 2019 WL 6315195, at *2 (Tex. App.—Houston [1st Dist.] Nov. 26, 2019, no pet.) (mem. op.). If a party does not receive notice or acquire actual knowledge of the trial court's judgment within 20 days of the date on which the trial court signed the judgment, the party may rely on Texas Rule of Appellate Procedure 4.2 to extend the deadline to file his notice of appeal so that the period to file his notice of appeal runs from the date that the party received notice or acquired actual knowledge of the trial court's judgment. *See* TEX. R. APP. P. 4.2(a)(1); TEX. R. CIV. P. 306a(4); *JRJ Invs.*, 2019 WL 6315195, at *2.

But Texas Rule of Appellate Procedure 4.2 is not self-executing. *JRJ Invs.*, 2019 WL 6315195, at *2. To extend a deadline to file a notice of appeal, a party must file a sworn motion in the trial court to prove the date on which he received notice or acquired actual knowledge of the trial court's judgment. TEX. R. APP. P.

2

4.2(b); TEX. R. CIV. P. 306a(5). After a hearing on the motion, the trial court must sign a written order specifying the date when the party or the party's attorney first received notice or acquired actual knowledge of the trial court's judgment. TEX. R. APP. P. 4.2(c). The party seeking to extend the notice-of-appeal deadline has the burden of proof and cannot extend the deadline if he does not secure a written ruling on his sworn motion from the trial court. *JRJ Invs.*, 2019 WL 6315195, at *2.

The record in this case reflects that no party filed a post-judgment motion in the trial court, Walker did not file a motion for extension of time to file his notice of appeal, nor did he file a sworn motion in the trial court under Texas Rule of Civil Procedure 306a(5). *See* TEX. R. APP. P. 4.2(b), 26.1(a), 26.3; TEX. R. CIV. P. 306a(5). Thus, the deadline to file a notice of appeal was 30 days after the trial court's *Order Nunc Pro Tunc Approving Account for Final Settlement of Guardianship* was signed, or September 14, 2022. *See* TEX. R. APP. P. 26.1. Walker did not file his notice of appeal until October 19, 2022. Therefore, the notice of appeal is untimely. Absent a timely-filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

On February 1, 2024, the Court issued a notice that this appeal might be dismissed for lack of jurisdiction unless Walker filed a response within 10 days establishing that the Court had jurisdiction. Walker did not file a response.

3

Accordingly, the Court dismisses this appeal for lack of jurisdiction.

**PER CURIAM**

Panel consists of Justices Goodman, Countiss, and Farris.