Opinion issued July 18, 2024



In The

# Court of Appeals

For The

## First District of Texas

———————————

**NO. 01-24-00291-CV**

———————————

**LEONARD MARK STOREMSKI, Appellant**

**V.**

**DEBORAH KAY CRAWFORD, Appellee**

**On Appeal from the 245th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-00251**

**MEMORANDUM OPINION**

Appellant, Leonard Mark Storemski, incarcerated and proceeding pro se, filed a notice of appeal from the trial court's January 24, 2024 "Order in Suit for Modification of Support Order and to Confirm Support Arrearage."

We dismiss the appeal for lack of jurisdiction.

Any party "seek[ing] to alter the trial court's judgment" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). If a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal and must dismiss the appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

Generally, a notice of appeal is due within thirty days after the trial court signs its order or judgment. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the order is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal and a motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the trial court signed its "Order in Suit for Modification of Support Order and to Confirm Support Arrearage" on January 24, 2024. The record does not

reflect that any post-judgment motions extending the notice-of-appeal deadline were filed. Accordingly, appellant's notice of appeal was due within thirty days after the trial court's order was signed—on or before February 23, 2024—or by March 11, 2024 with a fifteen-day extension. *See* TEX. R. APP. P. 4.1(a), 26.1, 26.3. However, appellant did not file his notice of appeal of the trial court's order until April 5, 2024.

Without a timely filed notice of appeal, we lack jurisdiction over appellant's appeal. *See* TEX. R. APP. P. 25.1. On June 4, 2024, the Clerk of this Court notified appellant that his appeal was subject to dismissal for lack of jurisdiction unless, within fourteen days of the date of the notice, he filed a written response demonstrating that this Court has jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a). Appellant did not adequately respond.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.

3