**Opinion issued July 23, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-24-00117-CV**

———————————

**CHORD ENERGY CORPORATION F/K/A OASIS PETROLEUM, INC. AND OASIS PETROLEUM NORTH AMERICA, LLC, Appellants**

**V.**

**ABSOLUTE OIL + GAS, LLC, Appellee**

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-08665**

**MEMORANDUM OPINION**

Appellants, Chord Energy Corporation, formerly known as Oasis Petroleum, Inc., and Oasis Petroleum North America, LLC, filed a notice of appeal in trial court cause number 2023-08665 from the trial court's February 2, 2024 order. *See* TEX.

R. APP. P. 25.1(a). In their notice of appeal, appellants stated that they "desire[d] to appeal the [trial court's] order dated February 2, 2024, granting [the] July 31, 2023 Motion for Reconsideration or, in the Alternative, for Severance and Entry of Final Judgment, and Stay of Proceedings" filed by appellee, Absolute Oil + Gas, LLC. However, appellants explained that although the trial court's February 2, 2024 order created a new "Severed Lawsuit Cause Number of 2023-08665-A," "a separate case file associated with" trial court cause number 2023-08665-A had not yet been created. Thus, appellants were only able to file their notice of appeal in trial court cause number 2023-08665.

Thereafter, appellee filed a notice of appeal from trial court's February 2, 2024 order, but did so in the newly created trial court cause number 2023-08665-A. *See* TEX. R. APP. P. 4.1(a), 25.1(a), 26.1. That appeal was assigned appellate cause number 01-24-00180-CV, which is pending in this Court. On March 4, 2024, appellants also filed a notice of appeal in trial court cause number 2023-08665-A, stating that they "desire[d] to appeal the [trial court's] order dated February 2, 2024, granting [appellee's] July 31, 2023 Motion for Reconsideration or, in the Alternative, for Severance and Entry of Final Judgment, and Stay of Proceedings." *See* TEX. R. APP. P. 4.1(a), 26.1(d).

Appellants then filed, in the instant appeal and in appellate cause number 01-24-00180-CV, an unopposed motion to consolidate appeals, stating that both appeals

2

"ar[o]se out of the same February 2, 2024 trial court order" and requesting that the two appeals "should be consolidated and heard together." On April 19, 2024, the Court denied the motions to consolidate filed in both appellate cause numbers, explaining that it appeared that appellants did not wish to pursue their appeal filed in appellate cause number 01-24-00117-CV, arising out of trial court cause number 2023-08665. Instead, it appeared that appellants and appellee intended to pursue the appeal currently pending in this Court in appellate cause number 01-24-00180-CV, arising out of trial court cause number 2023-08665-A.

"A severance splits a single suit into two or more independent actions. . . ." *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex. 1985); *see also Kennard Law, P.C. v. Patton*, No. 01-20-00560-CV, 2022 WL 479910, at *2 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, no pet.) (mem. op.) ("[W]hen a suit is severed, two or more independent lawsuits result, each with their own final appealable judgments."). And the "severed action becomes a different action." *In re E.I. du Pont de Nemours & Co.*, 92 S.W.3d 517, 523 (Tex. 2002).

Thus, here, after the trial court granted appellee's motion for severance in trial court cause number 2023-08665, the trial court's February 2, 2024 order—the order which appellants seek to appeal—was no longer in the original trial court cause number 2023-08665, but instead moved to the severed trial court cause number. *See, e.g.*, *Motor Coach Indus., Inc. v. Hinton*, No. 10-05-00286-CV, 2005 WL 2234044,

3

at *1 (Tex. App.—Waco Sept. 14, 2005, pet. denied) (mem. op.) ("After the severance, the order granting the special appearance [was] no longer in the original cause."). And appellants did not seek to appeal any other order or judgment remaining in the original trial court cause number.

Without a timely notice of appeal seeking to appeal an order or judgment remaining in trial court cause number 2023-08655, we lack jurisdiction over an appeal from the original trial court cause number. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite); *see, e.g.*, *Hinton*, 2005 WL 2234044, at *1.

On April 19, 2024, this Court notified appellants that their appeal pending in appellate cause number 01-24-00117-CV was subject to dismissal unless they demonstrated, within ten days of the date of the order, that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a). Appellants did not respond. *See* TEX. R. APP. P. 42.3(a).

Based on the foregoing, we dismiss this appeal for lack of jurisdiction and for failure to comply with an order from the Court. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). We dismiss any pending motions as moot.

# PER CURIAM

Panel consists of Justices Landau, Countiss, and Guerra.