**Opinion issued August 15, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-24-00443-CV**
_____

**TRENSTON DEON HAWKINS, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

---

**On Appeal from 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-83280**

---

## MEMORANDUM OPINION

Appellant Trenston Deon Hawkins filed his notice of appeal on June 12, 2024 seeking to challenge the trial court's judgment signed on March 18, 2024. We dismiss the appeal for lack of jurisdiction.

Any party "seek[ing] to alter the trial court's judgment" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). If a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal and must dismiss the appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

A notice of appeal is generally due within thirty days after the trial court signs its judgment. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal and a motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3.

The trial court signed the challenged final judgment on March 18, 2024. The record does not reflect that any post-judgment motions extending the deadline to file

a notice of appeal were filed. Accordingly, Appellant's notice of appeal was due within thirty days after the trial court's judgment was signed—on or before April 17, 2024—or by May 2, 2024 with a fifteen-day extension. *See* TEX. R. APP. P. 26.1, 26.3. Appellant did not file his notice of appeal of the trial court's judgment until June 12, 2024.

Without a timely filed notice of appeal, we lack jurisdiction over Appellant's appeal. *See* TEX. R. APP. P. 25.1. On July 9, 2024, the Clerk of this Court notified Appellant that his appeal was subject to dismissal for lack of jurisdiction unless, within ten days of the date of the notice, he filed a written response demonstrating that this Court has jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a). Appellant did not respond.[1]

We dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.

---

[1] Appellant also failed to pay his appellate filing fee or establish indigence for purposes of appellate costs. *See* TEX. R. APP. P. 5, 20.1. The Clerk of this Court notified Appellant that unless he paid the appellate filing fee by August 9, 2024, his appeal could be dismissed. *See* TEX. R. APP. P. 42.3(b). To date, Appellant has not paid the appellate filing fee nor established indigence for purposes of appellate costs.