**Opinion issued August 29, 2024**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-24-00584-CV**

—————————————

**ANTHONY WHITEHURST, Appellant**

**V.**

**ONSITE TOWING LLC AND NORTH HOUSTON MOTORS, INC.,**
**Appellees**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1214455**

---

## MEMORANDUM OPINION

Appellant, Anthony Whitehurst, proceeding pro se, filed a notice of appeal from the trial court's March 14, 2024 "Final Judgment and Findings of Fact and Conclusions of Law"; a May 30, 2024 "Order Denying Motion to Disqualify"; the

trial court's "refusal to answer, alter or amend findings of fact [and] conclusion[s] of law"[1]; and the trial court's "denial of [his] motion for new trial."

We dismiss the appeal for lack of jurisdiction.

Any party "seek[ing] to alter the trial court's judgment" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). If a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

Generally, a notice of appeal is due within thirty days after the trial court signs its judgment. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days

---

[1] A "refusal" to amend findings of fact and conclusions of law is not appealable as it is not an order or judgment from which one can seek an appeal.

after the deadline to file the notice of appeal, a party files a notice of appeal in the trial court and a motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b) in the appellate court. *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the trial court signed its final judgment on March 14, 2024. Appellant timely filed a motion for new trial, extending the notice-of-appeal deadline. Accordingly, appellant's notice of appeal was due within ninety days after the trial court's judgment was signed—on or before June 12, 2024—or by June 27, 2024 with a fifteen-day extension. *See* TEX. R. APP. P. 26.1, 26.3. However, appellant did not file his notice of appeal from the trial court's final judgment until August 1, 2024, making his notice of appeal untimely.

Appellant's notice of appeal from the May 30, 2024 order denying his motion to disqualify is also untimely. On March 25, 2024, appellant filed a "Combination Motion: (1) to Recuse [and] Disqualify [the trial court]"; (2) "Motion for New Trial"; (3) "Motion to Alter or Amend the Judgment"; and (4) "Request for Amended or Additional Findings of Fact." The trial court declined to recuse itself and referred the matter to the Presiding Judge of the Eleventh Administrative Judicial Region. After being informed that his motion to disqualify stayed all trial proceedings, on April 16, 2024, appellant requested to withdraw his motion to disqualify so that the trial court could rule on his request for amended or additional

findings of fact. Consequently, on May 30, 2024, the Presiding Judge denied appellant's motion to disqualify. Appellant's notice of appeal from the May 30, 2024 order was due within thirty days after the Presiding Judge's order was signed—on or before July 1, 2024—or by July 16, 2024 with a fifteen-day extension. *See* TEX. R. APP. P. 4.1(a), 26.1, 26.3. However, appellant did not file his notice of appeal from the May 30, 2024 order denying his motion to disqualify until August 1, 2024, making his notice of appeal untimely.

Appellant also attempts to appeal from the trial court's ruling denying his motion for new trial.[2] However, "[n]o appeal from an order denying a motion for new trial exists separately from an appeal of the underlying judgment." *Sogo Indus., LLC v. Tarquin Polymers & Colors, Inc.*, No. 01-20-00200-CV, 2021 WL 2654140, at *1 (Tex. App.—Houston [1st Dist.] June 29, 2021, no pet.) (mem. op.) (alteration in original) (internal quotations omitted); *Macklin v. Saia Motor Freight Lines, Inc.*, No. 06-12-00038-CV, 2012 WL 1155141, at *1 (Tex. App.—Texarkana Apr. 6, 2012, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction because an "order denying a motion for reconsideration or motion for new trial is not a judgment, and is not independently appealable"). Thus, without a timely notice of

---

[2] Appellant asserts that the trial court held a hearing on July 30, 2024 and on the record, denied his motion for new trial. We note that the clerk's record filed with the Court does not indicate any ruling issued and the court reporter has informed the Court that no record was taken in the underlying case.

appeal from the trial court's final judgment, we lack jurisdiction to consider an appeal from the trial court's denial of appellant's motion for new trial. *See Sogo Indus., LLC*, 2021 WL 2654140, at *2.

On August 15, 2024, the Clerk of this Court notified appellant that his appeal was subject to dismissal for lack of jurisdiction unless, within ten days of the date of the notice, he filed a written response demonstrating that this Court has jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a). Appellant's response did not establish that we have jurisdiction over his appeal.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.