**Opinion issued December 31, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00640-CV

_____

**ALPHONSO R. MARTINEZ JR. AND MARINA DEL TRANSITO MARTINEZ, Appellants**

**V.**

**FORT BEND INDEPENDENT SCHOOL DISTRICT, FORT BEND COUNTY, FORT BEND COUNTY DRAINAGE DISTRICT, FORT BEND COUNTY EMERGENCY SERVICE DISTRICT #7, FORT BEND COUNTY GENERAL FUND, Appellees**

---

On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Case No. 20-DCV-275703

---

**MEMORANDUM OPINION**

Appellants Alphonso R. Martinez Jr. and Marina del Transito Martinez, proceeding pro se, filed a notice of appeal from the trial court's March 16, 2023 final judgment. We dismiss the appeal for lack of jurisdiction.

Any party "seek[ing] to alter [a] trial court's judgment" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). If a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal and must dismiss the appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

Generally, a notice of appeal is due within thirty days after the trial court signs its order or judgment. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice

of appeal and a motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3.

The trial court signed the final judgment from which Appellants appeal on March 16, 2023. Appellants timely filed a motion for new trial, extending the deadline to file their notice of appeal to ninety days after the trial court signed its judgment. Appellants' notice of appeal was thus due on or before June 14, 2023 or by June 29, 2023 with a 15-day extension. *See* TEX. R. APP. P. 26.1, 26.3. Appellants did not file their notice of appeal until August 27, 2024, more than one year after the deadline, making their notice of appeal untimely.

Without a timely filed notice of appeal, we lack jurisdiction over Appellants' appeal. *See* TEX. R. APP. P. 25.1. On October 17, 2024, the Clerk of this Court notified Appellants that their appeal was subject to dismissal for lack of jurisdiction unless, within fourteen days of the date of the notice, they filed a written response demonstrating that this Court has jurisdiction over their appeal. *See* TEX. R. APP. P. 42.3(a). Appellants requested an extension to respond. The deadline for a response was extended until December 20, 2024. To date, Appellants have not responded.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Gunn.

3