**Opinion issued April 24, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00969-CV

_____

**OLAYIWOLA ADEBISI, Appellant**

**V.**

**OFFICE OF ATTORNEY GENERAL, Appellee**

On Appeal from 246th District Court
Harris County, Texas
Trial Court Case No. 2022-72444

## MEMORANDUM OPINION

Appellant Olayiwola Adebisi, pro se, filed his notice of appeal on October 17, 2024 seeking to challenge the "Contested Order Establishing the Parent-Child Relationship" signed by the trial court on June 25, 2024. Subsequently, on November 7, 2024, Appellant filed an amended notice of appeal stating he is

"appealing the Contested Order Establishing the Parent-Child Relationship signed by the trial court on the 29th day of October, 2024." We dismiss the appeal for lack of jurisdiction.

Any party "seek[ing] to alter the trial court's . . . order" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). If a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal and must dismiss the appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (holding that without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (holding that timely notice of appeal is jurisdictional prerequisite).

A notice of appeal is generally due within thirty days after the trial court signs its judgment. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal and a

motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3.

Contrary to Appellant's assertion in his amended notice of appeal, the trial court's "Contested Order Establishing the Parent-Child Relationship" from which he appeals was signed on June 25, 2024, not October 29, 2024. The order signed on October 29, 2024 is an order denying as untimely Appellant's "Request for De Novo Hearing" of the trial court's "Contested Order Establishing the Parent-Child Relationship," which is not appealable.[1] Further, because it was untimely filed, Appellant's "Request for De Novo Hearing" did not extend the deadline to file a notice of appeal from the trial court's June 25, 2025 order. Appellant's notice of appeal was thus due within thirty days after the trial court's order was signed—on or before July 25, 2024—or by August 9, 2024 with a fifteen-day extension. *See* TEX. R. APP. P. 26.1. Appellant did not file his notice of appeal of the trial court's order until October 17, 2024.

Without a timely filed notice of appeal, we lack jurisdiction over Appellant's appeal. *See* TEX. R. APP. P. 25.1. On February 27, 2025, the Clerk of this Court notified Appellant that his appeal was subject to dismissal for lack of jurisdiction

---

[1] The trial court denied Appellant's "Request for De Novo Hearing" as untimely because it was filed on August 2, 2024, well after the trial court's plenary power expired.

3

unless, within ten days of the date of the notice, he filed a written response demonstrating that this Court has jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a). Appellant filed a response arguing we have jurisdiction over his appeal because he mailed his "Request for De Novo Hearing" to the trial court on June 27, 2024, and that the court received it on July 2, 2024. Appellant further contends that he refiled his request on August 2, 2024 "because he was told by the clerk . . . that the trial court did not receive the Request for De Novo [Hearing], even though he provided proof that the trial court did in fact receive[] [it] . . . ." Assuming Appellant timely filed his "Request for De Novo Hearing," his notice of appeal would have been due within ninety days after the trial court's order was signed—on or before September 23, 2024. Appellant's notice of appeal thus remains untimely.

We dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Morgan, and Johnson.