**Opinion issued July 1, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-25-00187-CV

———————————————

**NANCY RODRIGUEZ, Appellant**

**V.**

**DIGCO UTILITY CONSTRUCTION, L.P., Appellee**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-26555**

---

## MEMORANDUM OPINION

Appellant, Nancy Rodriguez filed a notice of appeal from the trial court's November 22, 2024 Final Judgment, and February 18, 2025 "Order Denying [Appellant's] Motion For New Trial."

We dismiss the appeal for lack of jurisdiction.

Any party "seek[ing] to alter the trial court's judgment" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). If a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

Generally, a notice of appeal is due within thirty days after the trial court signs its judgment. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal in the trial court and a motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b) in the appellate court. *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the trial court signed its final judgment on November 22, 2024. Appellant timely filed a motion for new trial, extending the notice-of-appeal deadline. Accordingly, appellant's notice of appeal was due within ninety days after the trial court's judgment was signed—on or before February 20, 2025—or by March 7, 2025 with a fifteen-day extension. *See* TEX. R. APP. P. 26.1, 26.3. However, appellant did not file her notice of appeal from the trial court's Final Judgment until March 13, 2025, making her notice of appeal untimely.

Appellant also attempts to appeal from the trial court's ruling denying her motion for new trial. However, "[n]o appeal from an order denying a motion for new trial exists separately from an appeal of the underlying judgment." *Sogo Indus., LLC v. Tarquin Polymers & Colors, Inc.*, No. 01-20-00200-CV, 2021 WL 2654140, at *1 (Tex. App.—Houston [1st Dist.] June 29, 2021, no pet.) (mem. op.) (alteration in original) (internal quotations omitted); *Macklin v. Saia Motor Freight Lines, Inc.*, No. 06-12-00038-CV, 2012 WL 1155141, at *1 (Tex. App.—Texarkana Apr. 6, 2012, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction because an "order denying a motion for reconsideration or motion for new trial is not a judgment, and is not independently appealable"). Thus, without a timely notice of appeal from the trial court's final judgment, we lack jurisdiction to consider an appeal from the trial court's denial of appellant's motion for new trial. *See Sogo Indus.*, 2021 WL 2654140, at *2.

3

Appellee, Digco Utility Construction, L.P. filed a letter advising the Court that appellant's notice of appeal was untimely, and as a result, the Court lacks jurisdiction over her appeal.[1] The Clerk of this Court requested a response from appellant to appellee's letter with respect to the timeliness of appellant's notice of appeal and the Court's jurisdiction in this matter, to be filed within ten days of the date of the notice. *See* TEX. R. APP. P. 42.3(a). Appellant did not respond.

Accordingly, we grant appellee's motion to dismiss and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

---

[1] We construe appellee's letter as a motion to dismiss.