**Opinion issued January 29, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-25-00803-CV

————————————

**JAMES ORTIZ, Appellant**

**V.**

**ERNESTO FLORES, Appellee**

---

**On Appeal from 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-43550**

---

### MEMORANDUM OPINION

On September 29, 2025, Appellant James Ortiz, proceeding pro se, filed a notice of appeal from the trial court's April 23, 2025 order dismissing the matter for want of prosecution.

We dismiss the appeal for lack of jurisdiction.

Any party "seek[ing] to alter the trial court's . . . appealable order" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). If a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

Generally, a notice of appeal is due within thirty days after the trial court signs its judgment or final order. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the final order is signed if, within thirty days after the final order is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal in the trial court and a motion for extension of time to file a notice of appeal. *See* TEX. R. APP. P. 10.5(b), 26.3.

The trial court signed the challenged order on April 23, 2025. There is nothing in the record reflecting that any post-judgment motions were filed. Appellant's

notice of appeal was thus due on May 23, 2025, or by June 9, 2025 with a 15-day extension. *See* TEX. R. APP. P. 4.1(a), 26.1, 26.3. Appellant did not file his notice of appeal until September 29, 2025 making his notice of appeal untimely.

Without a timely filed notice of appeal, we lack jurisdiction over Appellant's appeal. *See* TEX. R. APP. P. 25.1. On December 11, 2025, the Clerk of this Court notified Appellant that his appeal was subject to dismissal for lack of jurisdiction unless, within ten days of the date of the notice, he filed a written response demonstrating that this Court has jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a). To date, Appellant has not responded.

We dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.