**Opinion issued August 27, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-24-00494-CV

_____

### JOSEPH LEE PERDEW, Appellant

### V.

### AMERICAN BANK OF COMMERCE, Appellee

---

### On Appeal from the 127th District Court
### Harris County, Texas
### Trial Court Case No. 2023-41058

---

### MEMORANDUM OPINION

Appellant, Joseph Lee Perdew, proceeding pro se, filed a notice of appeal

from the trial court's May 13, 2024 final judgment.

We dismiss the appeal for lack of jurisdiction.

Any party "seek[ing] to alter the trial court's judgment" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). If a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

Generally, a notice of appeal is due within thirty days after the trial court signs its judgment. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal in the trial court and a motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b) in the appellate court. *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the trial court signed its final judgment on May 13, 2024. The record does not reflect that appellant filed any post-judgment motions extending the notice-of-appeal deadline. Thus, appellant's notice of appeal was due to be filed on or before June 12, 2024. *See* Tex. R. App. P. 26.1. Appellant filed his notice of appeal on June 27, 2024 but did not file a motion for extension of time to file a notice of appeal. *See* Tex. R. App. P. 10.5(b), 26.3.

Although appellant did not file a motion for extension of time to file a notice of appeal when he filed his notice of appeal, a motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the fifteen-day extension period provided by Texas Rule of Appellate Procedure 26.3, and the appellant reasonably explains the need for an extension of time. Tex. R. App. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *In re A.J.U.*, No. 01-16-00371-CV, 2016 WL 3946925, at *1 (Tex. App.—Houston [1st Dist.] July 19, 2016, no pet.) (mem. op.). Here, appellant filed his notice of appeal within the fifteen-day extension period provided by Texas Rule of Appellate Procedure 26.3; thus, a motion for extension of time to file his notice of appeal may be implied as to his appeal if he has provided this Court with a reasonable explanation of the need for an extension. *See* Tex. R. App. P. 10.5(b)(1)(C), (b)(2)(A), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Pasha*

*v. YP Advert., L.P.*, No. 01-14-00456-CV, 2014 WL 4116456, at *1 (Tex. App.— Houston [1st Dist.] Aug. 21, 2014, no pet.) (mem. op.) (although appellants' notice of appeal filed within fifteen-day extension period, appellants still required to offer reasonable explanation of need for extension).

On August 1, 2024, the Clerk of this Court notified appellant that his appeal was subject to dismissal for lack of jurisdiction unless, by August 12, 2024, appellant filed a written response providing a reasonable explanation for the untimely filing of his notice of appeal. *See* TEX. R. APP. P. 4.1(a), 42.3(a), (c); *cf. Hernandez v. McLane*, No. 07-19-00422-CV, 2020 WL 62627, at *1 (Tex. App.—Amarillo Jan. 6, 2020, no pet.) (mem. op.). Appellant did not adequately respond.

Because appellant has not provided this Court with a reasonable explanation for his untimely filed notice of appeal, we cannot grant an implied motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3; *James v. WoodForest Nat'l Bank*, No. 01-22-00899-CV, 2023 WL 2483548, at *2 (Tex. App.—Houston [1st Dist.] Mar. 14, 2023, no pet.) (mem. op.); *Hernandez*, 2020 WL 626627, at *1. Accordingly, we dismiss appellant's appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f); *Renovation Genius LLC v. Brooks*, No. 01-21-00063-CV, 2023 WL 17539, at *1 (Tex. App.—Houston [1st Dist.] Jan. 3, 2023, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction where appellant's notice of appeal was untimely and appellant did not provide any reasonable explanation for failing to

4

timely file notice of appeal); *see also James*, 2023 WL 2483548, at *1–2 (dismissing appeal for lack of jurisdiction where appellant filed notice of appeal within fifteen-day extension period but did not respond to appellate court's notice to provide reasonable explanation for untimely notice of appeal); *Hernandez*, 2020 WL 626627, at *1.  We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.